UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN SANTOS, JR.,<br><br>         Plaintiff,<br><br>v.<br><br>FERGUSON ENTERPRISES, INC.,<br><br>         Defendant. | Case No.: 17-CV-814-CAB-NLS<br><br>**ORDER ON MOTION TO STAY AND MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. Nos. 22, 23] |

This matter is before the Court on Defendant's motion to stay and Plaintiff's motion for summary judgment. As discussed below, Defendant's motion to stay [Doc. No. 22] is **DENIED AS MOOT**, and Plaintiff's motion for summary judgment [Doc. No. 23] is **GRANTED IN PART**.

**I. Background**

Plaintiff Esteban Santos, Jr., is paraplegic who cannot walk and uses a wheelchair for mobility. [Doc. No. 23-3 at ¶ 2.] On April 21, 2016, Santos visited the store of Defendant Ferguson Industries, Inc. ("Ferguson") located at 1290 S. Dogwood Road, El Centro, California. [*Id.* at ¶ 5.] He alleges that he was unable to shop at the store, however, because there were no parking spaces for disabled persons and there was no path of travel from the parking to the store entrance for someone in a wheelchair. Specifically, to enter

the store, he would have had to climb steps; there was no ramp. On April 24, 2017, he filed a complaint against Ferguson alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act (the "Unruh Act"). The complaint seeks injunctive relief requiring Ferguson to comply with the ADA and Unruh Act, statutory minimum damages of $4,000 for violation of the Unruh Act, and reasonable attorney's fees.

## II. Ferguson's Motion to Stay

On March 8, 2018, Ferguson filed a motion to stay this litigation pending completion of its remodeling of the store, which it claimed would moot Plaintiff's ADA claim. [Doc. No. 22.] At the time of the motion, the remodeling work had not started, or at least was not completed. Ferguson has since asserted that the remodeling work is complete and that therefore Santos's ADA claim is moot. Accordingly, the motion to stay appears to be moot and is denied on that ground.

## III. Santos's Motion for Summary Judgment

### A. Legal Standards for Summary Judgment

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To avoid summary judgment, disputes must be both 1) material, meaning concerning facts that are relevant and necessary and that might affect the outcome of the action under governing law, and 2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Anderson*, 477 U.S. at 248).

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *See Celotex Corp.*, 477 U.S. at 322-323. If the moving party can demonstrate that its opponent has not made a sufficient showing on an essential

element of his case, the burden shifts to the opposing party to set forth facts showing that a genuine issue of disputed fact remains. *Id.* at 324. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B. Discussion

Ferguson focuses the majority of its opposition to summary judgment on jurisdictional arguments that: (1) there is genuine issue of material fact as to whether Santos actually visited the Ferguson store on April 21, 2016, and therefore whether he suffered a concrete injury sufficient to give him Article III standing; and (2) that Santos's ADA claim is moot because Ferguson has fixed the barriers to access alleged in the complaint. [Doc. No. 28.] The Court must consider these jurisdictional arguments before addressing the merits of Santos's claims and whether he is entitled to summary judgment.

#### 1. Standing

Ferguson argues that there is a dispute of fact as to whether Santos suffered an actual injury based on a lack of evidence, aside from Santos's own testimony, that he visited the store on April 21, 2016, and whether he visited the property with the intent to utilize the accommodations. Ferguson cites to Santos's lack of specificity in his deposition testimony and argues that he is not a credible witness. Santos ignores this argument in its reply and does not provide any authority for the principle that he is entitled to summary judgment on this issue based on his own testimony alone. Ultimately, it is a question of fact for the jury to decide whether Santos visited the Ferguson store on April 21, 2016, with an intent to patronize the store such that he would have suffered a concrete injury if the store contained barriers to accessibility for a disabled person like himself. If the jury finds that Santos did not visit the store or did not visit it with an intent to use its accommodations, Santos lacks Article III standing and his claims will be dismissed for lack of subject matter jurisdiction.

## 2. Mootness

Ferguson's primary argument is that Santos's ADA claim is moot because the barriers to access alleged in the complaint, namely the lack of disabled parking and lack of access to the store itself, have since been remedied. Based on this argument, after summary judgment briefing was complete, the Court permitted Santos to inspect the repairs and report to the Court whether they remediated the barriers allegedly encountered by Santos. Santos's then expert inspected the site on June 4, 2018, and in a report filed June 8, 2018, identified at least seven areas in which it did not satisfy ADA Accessibility Guidelines ("ADAAG"). [Doc. No. 39-2.] *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) ("Whether a facility is 'readily accessible' is defined, in part, by [ADAAG].") (citing 28 C.F.R. 36.406(a)).

In response, Ferguson offered its own expert's declaration that the repairs conducted at the store are compliant. [Doc. No. 40.][1] However, Ferguson's response glosses over (if not hides) it made additional modifications to the repairs *after* Santos's expert's inspection. These modifications appear to have specifically addressed most of the issues identified by Santos, but there remain disputes as to whether one or more aspects of the ramp built by

---

[1] With its opposition to the summary judgment motion, Ferguson offered a declaration from its expert Ian Blakey, a certified access specialist, stating that he:
> worked with Ferguson to recommend that the remodeled store entrance ramp include, among other things: (1) an intermediate landing that is 60" long with a slope of 2% maximum any direction (California Building Code 11B- 405.7.2 and 11B-405.7.2.1); (2) ramp handrails extending 12" beyond the top and bottom ramp runs (11B-505.10.1); and, (3) slope maximums of 8.33% and crossslope maximums of 2% (11B-405.2 and 11B-405.3).

[Doc. No. 28-3 at ¶ 12.] Yet in the expert declaration from Kim Blackseth that Ferguson submitted with its response to Santos's inspection of the property after Ferguson first claimed that the accessibility barriers had been removed, Blackseth conceded that the slope between landings 3 and 4 of the new ramp was 9%, while arguing that it is nonetheless within industry tolerances. [Doc. Nos. 40-3 at ¶ 9.f.; 40-4 at 27-28.]

Ferguson satisfy ADAAG. *See generally* Doc. No. 42, Plaintiff's reply to Defendant's response regarding the status of the modification.

Given that the parties have submitted conflicting reports about whether the ramp is in compliance with ADAAG, the action cannot be dismissed as moot. *See Love v. Sanchez*, No. 15-cv-1700-ODW (DTBx), 2016 WL 6683152, at *3 (C.D. Cal., Nov. 14, 2016)(court could not dismiss ADA claim as moot where parties submitted conflicting reports as to whether the cross-slopes in the disabled space exceed 2%); *Hernandez v. Polanco Enterprises, Inc.*, 19 F.Supp.3d 918, 935 (N.D. Cal. 2013)(court could not weigh credibility in summary judgment proceedings, "and ruled that the conflicting measurement reports raised a material dispute about the slope that precluded granting either party's motion for summary judgment).

### 3. Merits

"To prevail on a discrimination claim under Title III [of the ADA], a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). These same elements apply to Santos's Unruh Act claim because "[a] violation of the right of any individual under the Americans with Disabilities (Public Law 101-336) shall also constitute a violation of [the Unruh Act]." Cal. Civ.Code § 51(f).

There is no dispute here as to the first two elements—that Santos is disabled or that the store Santos allegedly visited on April 21, 2016 is a place of public accommodation owned by Ferguson. [Doc. No. 23-10 at 5.] The disputes of fact discussed above relating to standing are equally applicable to the third element and preclude summary judgment for Santos. However, whether Santos actually visited the Ferguson store on April 21, 2016 is the only factual issue that needs to be decided by the jury because there is no dispute that if Santos visited the Ferguson store on that date, he would have encountered barriers to access that would have denied him accommodations because of his disability.

"Compliance with the ADA's antidiscrimination mandate requires that facilities be 'readily accessible to and usable by individuals with disabilities.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (quoting 42 U.S.C. § 12183(a)(1)). "Whether a facility is 'readily accessible' is defined, in part, by the ADA Accessibility Guidelines ('ADAAG')." *Id.* (citing 28 C.F.R. 36.406(a)). In its opposition to summary judgment, Ferguson focuses almost entirely on its argument that Santos's claims are moot based on the ramp it installed after this litigation began. Ferguson does not dispute that there were no compliant parking spaces on the date of Santos's visit. Nor does it contend that the entrance at which it has since constructed a ramp was "readily accessible" to individuals with disabilities on April 21, 2016. Instead, Ferguson offers a picture of what appears to be a driveway ramp on a different side of the store, and a declaration from the store manager that at least one person in a wheelchair accessed the store using this other ramp in the past year. [Doc. No. 28-1 at ¶ 15] Ferguson makes no argument and offers no evidence that the store complied with ADAAG on April 21, 2016, claiming only that it "will present evidence [at trial] demonstrating that this existing ramp was used by others and provided the same and equal function of the purported entrance challenged by Plaintiff." [Doc. No. 28 at 23.] This is insufficient to defeat summary adjudication of this issue for Plaintiff.

"Summary judgment is, as some courts have put it, the time to 'put up or shut up.'" *Wright v. Employers Reinsurance Corp.*, No. C 04-03710 JW, 2005 WL 756618, at *8 (N.D. Cal. Mar. 31, 2005) (citing *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000)). Moreover, that a person in a wheelchair was able to access the store using this other ramp is not evidence that that ramp complied with ADAAG, as required for compliance with the ADA's antidiscrimination mandate. Accordingly, if Santos is able to convince a jury that he visited the store such that he has standing, he is entitled to summary judgment on his Unruh Act claim. For the same reasons, if Ferguson is unable to convince the Court that its remediation efforts have mooted the ADA claim, Santos will be entitled to summary judgment on that claim as well.

**C. Conclusion.**

For the reasons set forth above, the motion to stay the litigation is **DENIED AS MOOT**. Plaintiff's motion for summary judgment is **GRANTED IN PART** in that the following elements are adjudicated in favor of Plaintiff:

1. Santos is disabled within the meaning of the ADA;
2. The Defendant is a private entity that owns, leases, or operates a place of public accommodation;
3. The Ferguson store did not comply with the ADAAG on April 21, 2016.

This case will proceed to a jury trial on the remaining element of the ADA and Unruh claims: whether Plaintiff visited the Ferguson store on April 21, 2016 with the intent to utilize the accommodations. If the jury reaches a verdict in favor of Plaintiff, the Court will then address statutory damages under the Unruh Act and injunctive relief under the ADA claim.

It is **SO ORDERED**.

Dated: July 5, 2018

Hon. Cathy Ann Bencivengo
United States District Judge