UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN SANTOS, JR., <br><br> Plaintiff, <br><br> v. <br><br> FERGUSON ENTERPRISES, INC., and DOES 1-10, <br><br> Defendants. | Case No.: 3:17-cv-00814-CAB-NLS <br><br> **ORDER REGARDING ORDER TO SHOW CAUSE AND ISSUING MONETARY SANCTIONS** |

The Court held an Order to Show Cause ("OSC") hearing on March 14, 2019. Plaintiff, Esteban Santos, Jr. and his counsel appeared as ordered. ECF No. 78. Counsel for defendant, Ferguson Enterprises, Inc., also appeared as ordered. The Court heard oral argument and took the matter under submission. The Court concludes monetary sanctions for failure to appear in violation of this Court's order are appropriate. As explained below, the Court sanctions Plaintiff and the firm, Potter Handy, jointly and severally, in the amount of $3,000.00.

**I.  Background**

This case settled during a Mandatory Settlement Conference on November 5, 2018. ECF No. 66. On November 7, 2018 the parties filed a joint notice of settlement that prompted this Court to set a telephonic settlement disposition conference for January 11,

2019. ECF Nos. 67, 68.

The Court held the first settlement disposition conference on January 11, 2019 and was informed by the parties that there remained discussion regarding one term. Counsel requested additional time to conclude negotiations. The Court obliged, setting a second telephonic settlement disposition conference for one month later, February 15, 2019.

During the second settlement disposition conference, counsel represented they had reached agreement on all terms and expected to have the document signed and dismissal entered in two weeks. The Court, via its law clerk, informed the parties that a third settlement disposition conference would require in person appearances. The third settlement disposition conference was set for March 7, 2019 and required in person appearances of counsel and their clients or client representatives. ECF No. 71.

On March 7, 2019, the Court held the third Settlement Disposition Conference. ECF No. 72. Counsel for Plaintiff appeared. Mr. Santos did not appear. Counsel for Defendant appeared; no client representative of Ferguson Enterprises, Inc. appeared. The Court excused the personal appearance of the defendant's client representative because defense counsel had in hand at the hearing both the Defendant's executed settlement agreement and the check for settlement. Plaintiff's counsel represented he had trouble contacting his client, who was still reviewing the settlement agreement and had no excuse for Mr. Santos's failure to appear, in violation of the Court's Order. Accordingly, the Court issued an OSC due to Plaintiff's failure to appear, and requested declarations regarding any justification for the failure to appear and costs incurred by defense counsel. ECF No. 73.

On March 12, 2019, the Court received the declarations in relation to the OSC. Mr. Santos filed a declaration in which he says he did not receive email notification from his lawyers that he was required to attend the March 7 hearing, and further that on the day before the hearing when his counsel was attempting to reach him, he was not answering his phone because he was "sick and had an accident." He says he was working on cleaning himself and handling the accident. ECF No. 74. He offered no details about the nature of his illness or his accident.

The court also received a declaration from Matthew Valenti, plaintiff's counsel, in which he admits that his law firm, Potter Handy, in violation of their standard procedure did not email notice to Mr. Santos that he was required to appear in person for the March 7, 2019 hearing. ECF. No. 75, ¶ 3. Mr. Valenti did, however, telephone Mr. Santos beginning at 3:15pm on March 6 to advise him of the need for a personal appearance, and left a voice mail to that effect. Mr. Valenti submitted screen shots of his cell phone records that show he called a total of 4 times and left one text message. ECF. No. 75, ¶ 6. He was unable to reach Mr. Santos until the morning of March 7 on his way to court, but by that time it was too late for Mr. Santos to arrive to the hearing as he resides in El Centro. ECF. No. 75, ¶ 7.

Finally, the Court received a declaration from defense counsel submitting the costs and fees associated with attending the March 7, 2019 hearing. Defense counsel submitted a total of 5.7 hours of time, inclusive of travel at a rate of $525/hr, and $30.00 of parking for a total of $3,022.50. ECF. No. 77, ¶ 4. The declaration further submits that her office sent emails and made calls to plaintiff's counsel on March 4, 5, 6 and 12, 2019 in an effort to get the settlement agreement and dismissal satisfied in advance of the third settlement disposition conference and the OSC hearing, but there was no response to any of these inquiries. ECF. No. 77, ¶ 8.

## II. Legal Standards

Courts are "endowed with inherent powers which are necessary to the conduct of their business, including the power to sanction." *Yagman v. Republic Ins*., 987 F.2d 622, 628 (9th Cir. 1993). A court has the inherent authority to issue sanctions against parties and non-parties to an action based on their conduct. *In re Rainbow Magazine, Inc*., 77 F.3d 278, 282 (9th Cir. 1996). Additionally, under Federal Rule of Civil Procedure 16(f), the Court may issue "any just orders," including Rule 37 sanctions, "if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A). Furthermore, "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance . . . unless

3

the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2); *see also Sedgwick v. Unknown K-9 Handler*, 2013 U.S. Dist. LEXIS 77063, *11-12 (S.D. Cal. Apr. 23, 2013) (citing Ninth Circuit cases demonstrating the circuit court has repeatedly upheld monetary sanctions imposed for failure to comply with orders regarding settlement conferences); *Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762 (9th Cir. 2001) (sanctions award upheld against president of vintage tire company for failure to appear at a mediation session, although the president asserted that his failure to appear was not intentional, in that he suffered from an incapacitating headache at that time, the president did not notify the parties beforehand of his nonappearance).

### III. Discussion

Here, the Court does not find that Mr. Santos's failure to appear was "substantially justified or other circumstances make an award of expenses unjust," however, it does appear that there were several factors that contributed to his nonappearance, including the failure of the firm to follow its standard practice to inform clients by email when an in person appearance is required along with Mr. Santos's accident and his failure to respond to calls and texts from Mr. Valenti. Each contributed to the need for the Court to hold two hearings, impeding judicial time and resources; and requiring defense counsel to appear on two separate occasions after the case had settled and Defendant had complied with all of its obligations. It is appropriate under these circumstances for sanctions to be borne by each of the contributing parties—Mr. Santos individually and the firm, Potter Handy—to reimburse the Defendant for reasonable expenses incurred by defense counsel, including attorneys' fees.

Defendants submit that the fees incurred for participation at the March 7, 2019 hearing total $3,022.50. However, the hearing was short, and it does not appear that significant preparation was required on counsel's part as the settlement agreement had been executed and the check issued. Thus, much of the time appears to account for travel. Under the circumstances, the Court finds the sum of $1,500.00 to be reasonable to cover parking,

appearance, and preparation.

With regard to fees incurred for the second court appearance on March 14, 2019, the Court assumes they would be nearly identical to the expenses incurred for the prior court appearance. Therefore, the Court will award $1,500 for that appearance as well.

**IV. Conclusion**

**IT IS HEREBY ORDERED** that

1. Plaintiff Esteban Santos, Jr. and the firm of Potter Handy, are jointly and severally responsible for payment of sanctions in the amount of **$3,000.00** to Greenberg Traurig, for fees incurred relating to the representation of the defendant Ferguson Enterprises in this matter.

2. Said sum shall be paid within **15 days** of the date of this order.

**IT IS SO ORDERED.**

Dated: March 15, 2019

_/s/ Nita L. Stormes_
Hon. Nita L. Stormes
United States Magistrate Judge